Barbara DUKE a/k/a Barbara Duke
Kruger, Appellant,

v.

William L. MERKIN and Sidney K.
Gibson d/b/a Merkin & Gibson, a
Law Partnership, Appellee.

No. 6948.

Court of Civil Appeals of Texas,
El Paso.

May 14, 1980.

Mike Thompson, Michael C. Crowley, El Paso, for appellant.

Merkin, Hines & Maxfield, William L. Merkin, Stephen A. Hines, El Paso, for appellees.

## OPINION

OSBORN, Justice.

The attorneys who represented Appellant in a divorce case obtained a summary judgment against their former client for a part of the fees claimed to be due for services rendered. The trial Court rendered judgment for hourly services performed, and severed the claim for fees based upon a percentage of the net value of property awarded to Appellant in the divorce suit. Having concluded that the severance was improper, the judgment is reversed and the case remanded.

The parties are in basic agreement that Barbara Duke hired William L. Merkin to represent her in a divorce case in the District Court of El Paso County. The parties are in general agreement that Mr. Merkin was to be paid a retainer of $1,500.00, plus $70.00 per hour for his services, and, in addition, he was to be paid 5% of the net value of the property awarded to Mrs. Duke in the divorce suit. Mrs. Duke obtained the divorce, and she was awarded substantial assets at the conclusion of a lengthy trial. That judgment is now before this Court on appeal.

Mrs. Duke has paid $1,500.00 as a retainer and an additional $1,500.00 on the account for services rendered. On April 27, 1979, Appellees filed their second amended original petition asserting a sworn account for services rendered with a balance due of $27,940.82 based upon the agreed hourly charge. At the same time, they filed an amended motion for summary judgment based upon the sworn account. The Defendant's first amended answer filed by Barbara Duke contained a general denial and certain affirmative defenses, but no sworn denial as required by Rule 185, Tex. R.Civ.P.

On May 25, 1979, Appellant filed an affidavit in which she acknowledged the basic fee arrangement as set forth above. She also stated:

> Mr. Merkin also assured me that my obligation for fees would not exceed the approximate amount of TEN THOUSAND ($10,000.00) DOLLARS. He further indicated I should not be overly concerned about the size of the fees, since the court would order my husband to pay a major portion of them.

> Mr. Merkin has been paid approximately THREE THOUSAND ($3,000.00) DOLLARS toward the attorney's fees owed him.

> The value of the estate, upon which the 5% figure was to be based, has currently not been determined. The document to which my signature is affixed was signed by me under duress and does not reflect any acknowledgment on my part of the true value of the estate or amount of attorney's fees properly owing to Mr. Merkin.

An answer opposing the motion for summary judgment was filed on May 28, 1979. It contained no sworn denial of the account, and no other answer was filed denying the account as provided for in Rule 185, Tex.R. Civ.P. The motion for summary judgment was heard June 4, 1979. On June 7, 1979, Appellant filed a motion for leave of Court to file an amended answer. An affidavit of counsel for Appellant was filed June 15, 1978. The affidavit asserted the fee was not reasonable and attacked the contingency provision in the fee arrangement. Judgment was entered June 29, 1979. That judgment denied leave to file an amended answer. It found a contract of employment existed on the terms previously stated. It found the amount due and owing for hourly services rendered to be $27,940.82. It found the provision for a percentage of property recovered not capable of determination at that time. The judgment ordered recovery of $27,940.82, and severed the cause of action based upon a percentage of property awarded to Barbara Duke.

■ The first point of error asserts the trial Court erred in granting a summary judgment because a material fact issue existed as to whether or not Appellant was induced into entering the contract by fraudulent misrepresentations and concealment or fraud.

Rule 166–A(c) was amended effective January 1, 1978, so as to provide:

> Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

In construing that new provision in the rule, the Court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), said:

> [T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal. . . .

The Court also said:

> With the exception of an attack on the legal insufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not. . . .

Since that decision, the Court has now added one other issue which may be raised without having filed a written motion, answer or response, and that is concerning the movant's proof being insufficient to establish as a matter of law specific grounds relied upon by the movant. *Fantastic Homes, Inc. v. Raymond Burly Combs, et al.*, 596 S.W.2d 502 (Tex.1979).

In our case, there is no contention that either the grounds for the motion or the evidence in support thereof is inadequate or legally insufficient. Certainly, the defense of fraud attempted to be raised by the affidavit of Barbara Duke Kruger is one covered by Rule 94. And, under the holding in *Clear Creek*, the burden is upon the non-movant to "present summary judgment proof * * * to establish a fact issue." We are concerned at this stage of the case only with whether the evidence raises the defensive issue, and not whether the defense has been pled because, under the holding in *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956), and in *Insurance Company of North America v. Cash*, 475 S.W.2d 912 (Tex.1971), summary judgment may not be based upon a pleading defect of the non-moving party.

■ We recognize that fraud, where established, vitiates an otherwise apparently valid contract. *Texas & Pac. Ry. Co. v. Cassaday*, 148 S.W.2d 471 (Tex.Civ.App.—Fort Worth 1941, writ dism'd jdgmt. cor.). The essential elements to be established were noted in *Brady v. Johnson*, 512 S.W.2d 359 (Tex.Civ.App.—Austin 1974, no writ), where the Court said:

> To establish fraud it must appear: (1) that a material representation was made; (2) that it was false; (3) that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the speaker made the representation with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon the representation; and, (6) that the party thereby suffered injury. *Panhandle & Santa Fe Ry. Co. v. O'Neal*, 119 S.W.2d 1077 (Tex.Civ.App.1938, writ ref'd).

If each of the essential elements of the defense of fraud have been raised in order to make a fact issue, those facts must come from the first paragraph of the affidavit of Barbara Kruger, as noted earlier in this opinion. Clearly, the last paragraph deals with the contingent part of the fee which was severed and is not now before the Court. The issue is raised that a material

representation was made. Based on the amount sued for, the representation was false, if a fact finder should find that it was made as asserted in the affidavit. But, the affidavit does not assert or purport to show "that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion." Neither does the affidavit show that, after the representation was made, the affiant "acted in reliance upon the representation." Unless each element of the defense is raised by some evidence which would be admissible upon the trial of the case, the defense is not raised and will not prevent the entry of a summary judgment. Accordingly, Point of Error Number One is overruled.

The second point asserts the trial Court erred in severing the hourly rate part of the case from the contingent fee part of the case and in entering judgment in one part of the case prior to the time a judgment could be entered disposing of all issues involved. Rule 41, Tex.R.Civ.P., provides that any claim against a party may be severed and proceeded with separately. But, in order for there to be an actual severance under Rule 41, as opposed to a separate trial of issues under Rule 174, Tex.R.Civ.P., the controversy must involve more than one cause of action. *Hamilton v. Hamilton*, 269 S.W.2d 491 (Tex.Civ.App.—Dallas 1954) affm'd 154 Tex. 511, 280 S.W.2d 588 (1955); *Texas Cities Gas Co. v. Dickens*, 133 S.W.2d 810 (Tex.Civ.App.—Waco 1939, no writ); Hall, *Severance and Separate Trial in Texas*, 36 Texas L.Rev. 339 (1958).

Quite clearly in this case, there is only one cause of action, that being for recovery of attorneys' fees. Even though the attorneys could recover for (1) an agreed retainer, (2) an hourly rate for services rendered, and (3) a percentage of the net value of the property received by their client, they still had only one cause of action. They are not unlike one involved in an automobile accident who may recover for pain and suffering, loss of wages, and reasonable and necessary medical expenses, but who has only one cause of action for each and all of the various elements of damage sustained. In fact, the attorneys recognized that the severance was improper and, within thirty days after the Court overruled the Appellant's motion for a new trial, they filed a Motion to Reform Judgment and requested the Court to enter a judgment without any provision for severance and which, in effect, would be an interlocutory judgment until the remaining issue was decided. Before the expiration of the thirty-day period following the overruling of the motion for new trial, the Court denied the motion to reform.

The Appellees now assert that, because the Appellant did not join in the motion to reform, and thereby bring about a correction of the erroneous judgment, she may not now complain of this error. Reliance is placed upon the Court's holding in *Houston Fire and Casualty Insurance Company v. Howell*, 484 S.W.2d 582 (Tex.1972). This position cannot be sustained for several reasons. First, the Court's order denying the motion to reform as originally written contained a provision that "Defendant, although requested to do so by Plaintiff, refused to join said motion." That finding in the order was stricken by the trial judge, and thus the requested finding was refused. Even had Appellant joined in the motion, the Court would not have been obligated to grant it.

We recognize that an order of severance will not be disturbed on appeal except for abuse of discretion. *Burleson v. Finley*, 581 S.W.2d 304 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.); *Straughan v. Houston Citizens Bank & Trust Company*, 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). We conclude that an order of severance which splits a single cause of action is an abuse of discretion. We sustain the Appellant's Point of Error Number Two.

We have reviewed the remaining points of error, and they do not present reversible error.

The judgment of the Trial Court is reversed, and the case is remanded to that Court.