BROWNING–FERRIS, INC., et
al., Appellants,

v.

MACK TRUCKS, INC., et al., Appellees.

No. 13–85–452–CV.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1986.
Rehearing Denied Aug. 29, 1986.

James W. Wray, Jr., Francis I. Gandy, Jr., Corpus Christi, for appellants.

Paul Raleigh, Guy Allison, George Brin, Frank Weathered, William A. Abernathy, Tom Hermansen, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

We must determine whether, in a multi-party lawsuit, a trial court errs in refusing to dismiss a defendant after that defendant settles with the plaintiff. We must also decide whether the particular settlement

agreement involved should have been revealed to the jury. We affirm.

A simplified version of the facts follows. Cynthia Ortiz and other members of her family sued several defendants on grounds of negligence and products liability, alleging that they were responsible for the death of her husband. Richard Ortiz was the passenger in an automobile which was struck by a garbage truck leased by Browning-Ferris, Inc. (BFI) and driven by Roland Brummett. Brummett lost control of his vehicle when its left front tire blew out. The tire was a Michelin tire which had been patched by Bandag, Inc. and recapped by E.B. Creager Tire & Battery Co. (Creager). Mack Trucks, Inc. had manufactured the garbage truck. Cynthia Ortiz sued all of these parties.

Brummett cross-claimed against each defendant except his employer, BFI. Bandag and the two Michelin companies cross-claimed against all the other defendants for contribution or indemnity.

Shortly before trial, Creager settled with Brummett. During trial, Creager also settled with Mrs. Ortiz. Likewise, BFI also settled with Mrs. Ortiz and purchased her cause of action. Ortiz released both BFI and Creager. The trial continued on Brummett's action against the other defendants (except BFI and Creager) and on BFI's suit to recover as assignee of Mrs. Ortiz's cause of action. The propriety of the assignment is not challenged on appeal.

The jury found only Creager and BFI liable for the accident, on negligence grounds. The trial court entered judgment accordingly and incorporated the terms of the existing settlement agreements. The court ordered that Brummett, having been compensated by his settlement with Creager, was to receive nothing more. BFI, found by the jury to be 80% negligent for the accident, received a take-nothing judgment on the claim it had purchased from Mrs. Ortiz. BFI and Brummett appeal.

■ BFI's first three points of error are essentially identical to all of Brummett's points of error. Their argument centers around the Texas comparative negligence statute, TEX.REV.CIV.STAT.ANN. art. 2212a, now codified at TEX.CIV.PRAC. & REMS.CODE ANN. §§ 33.001–.017 (Vernon 1986) ("the Code").[1] Article 2212a § 2(e) (Section 33.015 of the Code) provides that "the settlement is a complete release" of the settling party. Creager should have been dismissed after it settled, appellants contend, since neither the plaintiff nor any defendant could recover further from Creager. Thus, Creager no longer had an interest in the suit and should not have been retained as a party, able to cross-examine witnesses and make final jury argument, especially since the jury did not know of the settlement between Creager and Mrs. Ortiz.

While appellants' argument has merit, we must reject it. Under former Article 2212a § 2(e) and new Section 33.015 of the Code, when one defendant settles with the plaintiff, the other defendants can elect to submit the settlor's percentage of fault to the jury for it to determine if the settlor "is joined as a party defendant" when the case is submitted to the jury. Nonsettling defendants accomplish this by filing cross-claims against the settling party for contribution, just as several of the appellees filed against Creager.

The Supreme Court has made it clear that such joinder is not necessary in cases involving both negligent and strictly liable tort-feasors for the jury to determine the settling party's comparative fault. *Acord v. General Motors Corp.*, 669 S.W.2d 111, 117 (Tex.1984). Several commentators feel that joinder of the settling party in cases involving only negligent tortfeasors (Article 2212a, Chapter 33 of the Code) will

---

**1.** The jury found that BFI and Creager were liable for the accident based solely on negligence grounds, thus triggering the Texas comparative negligence statute. Article 2212a governs cases where no findings of defect have been obtained against a product supplier who was joined with a negligent defendant. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429 (Tex. 1984); *Beech Aircraft Corp. v. Jinkins*, 698 S.W.2d 722, 726 (Tex.App.—Houston [1st Dist.] 1985, no writ).

likewise fall within the *Acord* rule.[2] *See* Note, *Settling Tortfeasor Need Not Be Joined as a Party to Determine Its Share of Causation in Cases Involving Strictly Liable Defendants: Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex.1984), 16 Tex.Tech L.Rev. 559, 569–70 (1985); Powers, *Personal Torts*, 39 S.W.L.J. 93, 105 (1985); Keeton, *Annual Survey of Texas Law: Torts*, 28 S.W.L.J. 1, 14 (1974). *See also Deal v. Madison*, 576 S.W.2d 409 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r. e.) (criticized in part, on other grounds, in *Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860, 866 (Tex.1982) ). *Cf. Teakell v. Perma Stone Co.*, 658 S.W.2d 563 (Tex.1983); *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983) (companion cases hold that workers' compensation cases are exceptions to the joinder rules of Article 2212a).

In any event, neither *Acord* nor the commentators suggest that settling tort-feasors *cannot* be joined, or that it is error to *retain* a party in a lawsuit once that party has settled. We cannot say the trial court erred in not dismissing Creager from the suit after it settled with the plaintiff.[3]

■ Appellants also complain of the trial court's refusal to inform the jury of the settlement agreement between Creager and the plaintiff, Mrs. Ortiz. The trial court acted properly. Texas adheres to the rule that information about settlement agreements should be excluded from the jury, because the agreement may be taken as an admission of liability. *City of Houston v. Sam P. Wallace & Co.*, 585 S.W.2d 669, 673 (Tex.1979). An exception to this rule applies where a plaintiff and one defendant have settled with an agreement for the settling defendant to receive back a percentage of what the plaintiff recovers from the other defendants. *See, e.g., General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex.1977), overruled on other grounds, *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). Such settlements are called Mary Carter agreements.

Appellants contend that Creager's settlement with the plaintiff, although not a Mary Carter agreement, should have been disclosed to the jury. We cannot agree. The problem with keeping Mary Carter and similar settlements from the jury is that often the jury is tricked by the misalignment of parties. Once a defendant settles in a Mary Carter agreement case, he sometimes has a strong financial interest in seeing that the plaintiff recovers as much as possible from the other defendants. In such case the settling defendant has "switched sides," and the jury is entitled to know why. It is this "false and misleading" portrayal to the jury of the real interests of the parties and witnesses which allows these settlement agreements to be made known to the jury. *See City of Houston*, 585 S.W.2d at 674.

■ Creager's settlement with the plaintiff did not induce Creager to switch sides. Creager's presence in the suit was not a disruptive one, nor did Creager change its position at trial after it settled with the plaintiff. In his voir dire, Creager's attorney admitted that Creager was negligent to some degree but that he thought BFI should share the responsibility. During trial, Creager settled with the plaintiff. In his closing jury argument, Creager's counsel again accepted part of the blame and argued that BFI, too, should shoulder some of the responsibility. Creager's actions were consistent throughout the course of the lawsuit. There being no reason to

---

**2.** As Professor Dorsaneo advises, however, "until this question is further clarified, the safest practice for the non-settling defendant is probably to join the settling tortfeasor in the litigation by way of a cross-claim for contribution." 13 W. Dorsaneo, *Texas Litigation Guide* 291–39 (1986). *See also* 16 Tex.Tech L.Rev. at 570.

**3.** Appellants cite *City of Houston v. Sam P. Wallace & Co.*, 585 S.W.2d 669 (Tex.1979), where the Supreme Court held the trial court erred in not dismissing a settling party who "had no further claim against anybody and no other party had any claim against him." *Id.* at 672. The Court made clear that *City of Houston*, unlike the case at bar, was "not a comparative negligence case." *Id.* This part of *City of Houston* is simply inapplicable to the case at bar.

stray from the general rule that settlement agreements are not to be disclosed to the jury, we hold that the trial court acted properly.

We overrule all of Brummett's points of error and BFI's first three points of error.

 BFI's fourth and fifth points of error involve the jury's findings that the plaintiffs, Cynthia Ortiz and other relatives of the deceased, could not recover damages for Richard Ortiz's death, despite the jury's finding that BFI's and Creager's negligence caused his death. BFI argues that these findings are contrary to all the evidence, since it is undisputed that the plaintiffs were injured as a result of Richard Ortiz's death. Appellees respond by pointing out that the jury knew the plaintiffs had settled with BFI and must have concluded that their settlements had already adequately compensated them. BFI, as assignee of the plaintiff's rights, has no more rights than the plaintiffs.

BFI, by purchasing the plaintiff's cause of action, is in the odd position of complaining that the jury did not assess damages against itself (BFI) and Creager. Even had the jury assessed damages, however, BFI could not recover from Creager. By settling with the plaintiff, Creager's liability to the plaintiff was completely released, under Article 2212a § 2(e) (now Section 33.-015 of the Civil Practice and Remedies Code). BFI, as assignee of the plaintiff's rights, could not recover from Creager. Nor could BFI, as defendant, receive contribution from Creager under those same statutory provisions. Moreover, BFI could not recover common law indemnity from Creager, since common law indemnity between joint tort-feasors has been abolished. *See Cypress Creek Utility Service Co. v. Muller,* 640 S.W.2d 860, 864 (Tex.1982) (and citations therein).

Under either of its positions—BFI as plaintiff or BFI as defendant—BFI could not recover from Creager no matter how much the jury awarded in damages. Error, if any, was harmless.

We overrule all points of error and AFFIRM.