Comet Oil v. Rogers 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00247-CV







Comet Oil & Gas, Inc. and Alan Peterson, Appellants



v.



Faye Rogers and Doyle Rogers, Appellees







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 21,115, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






 Appellants Comet Oil & Gas, Inc. and Alan Peterson ("Comet Oil") appeal from
a summary judgment rendered in favor of appellees Faye and Doyle Rogers ("Rogers"). 
Appellant contends that the district court erred in granting summary judgment for Rogers. We
will affirm the trial court's judgment.



BACKGROUND


 In February 1986, Walter and Pamela Bazarsky executed a deed of trust in favor
of Smithville Savings and Loan Association covering 46.59 acres in the Charles Edwards Survey,
A-30, Bastrop County, Texas, as well as other lands, to secure payment on a promissory note. 
The deed of trust was recorded in the Bastrop County records. In June 1986, the Bazarskys
executed an oil and gas lease covering the 46.59 acres and other lands in favor of Black Gold
Operating Co., Inc. The deed of trust was not subordinated to the lease. By various assignments,
Comet Oil succeeded to the working interest under the oil and gas lease, in so far as it covered
a tract of 40 acres upon which the Bazarsky No. 1 well is located. Smithville Savings and Loan
Association foreclosed its deed of trust on the 46.59 acres on May 1, 1990, and sold the property
to Rogers, almost three years later, on February 25, 1993. Rogers contends that the oil and gas
lease terminated when Smithville Savings and Loan foreclosed on the property. 

 Rogers has filed an application with the Railroad Commission of Texas seeking
authority to take possession of the Bazarsky No. 1 well. Following Comet Oil's protests, the
Railroad Commission refused a permit allowing Rogers to take possession until the status of the
oil and gas lease has been settled. 

 Rogers filed this suit to quiet title to and for possession of the land, for trespass,
conversion of oil, accounting for oil sale proceeds and attorney's fees. Rogers then filed a motion
for summary judgment, to which Comet Oil filed a response asserting the defense of estoppel. 
Rogers objected to the defense on the ground that Comet Oil failed to raise the affirmative defense
in its original pleadings. The trial court granted Rogers' motion for summary judgment, declaring
that the foreclosure had terminated the lease, removing cloud on title, quieting title, and awarding
money damages for the value of oil taken as well as for attorney's fees and costs.

 In this appeal, Comet Oil does not contend that Rogers has failed to prove its prima
facie case entitling it to summary judgment. Comet Oil's sole point of error is that the trial court
erred in granting summary judgment when there was a genuine issue of fact on each element of
its affirmative defense.

DISCUSSION


 Summary Judgment

 The standards for reviewing a summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). 

 Once the movant has shown itself entitled to judgment, in order to avoid an adverse
summary judgment Comet Oil must present competent summary judgment evidence raising a
genuine issue of material fact on each element of its affirmative defense of estoppel. Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). As a preliminary matter, Rogers complains on
appeal that Comet Oil was barred from raising this affirmative defense in response to the motion
because it failed to plead the defense in its original answer pursuant to Texas Rule of Civil
Procedure 94. Tex. R. Civ. P. 94. 

 Texas Rule of Civil Procedure 166a, the rule applicable to summary judgment
motions, states that, "[i]ssues not expressly presented to the trial court by written motion, answer
or any other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ.
P. 166a(c). The term "answer" in Rule 166a is broadly construed to mean a response to a motion
for summary judgment, and not simply an answer generally filed in response to a petition. Comet
Oil was not required to raise the affirmative defense in its original answer. Patterson v. First
Nat'l Bank of Lake Jackson, No. 14-94-00358-CV, slip op. at 4-5 (Tex. App.--Houston [14th
Dist.], August 31, 1995, no writ h.); see also Womack v. Allstate Ins. Co., 296 S.W.2d 233, 237
(Tex. 1956); Duke v. Merkin, 599 S.W.2d 877, 879 (Tex. Civ. App.--El Paso 1980, no writ)
(holding that when summary judgment evidence discloses facts that render summary judgment
untenable for the moving party, summary judgment should be denied regardless of defects in the
non-movant's pleadings). An unpleaded affirmative defense may be used to defeat a summary
judgment if it is raised in a response to the motion and supported by sufficient evidence. See
DeBord v. Muller, 446 S.W.2d 299, 301 (Tex. 1969); NCNB Texas Nat'l Bank v. Carpenter, 849
S.W.2d 875, 878 (Tex. App.--Fort Worth 1993, no writ). By raising the affirmative defense of
estoppel in its response to summary judgment, Comet Oil properly placed the issue before the trial
court, and the issue is subject to review by this court. See Patterson, No. 14-94-00358-CV, slip
op. at 5. Therefore, we shall consider the merits of appellant's complaint.


 

 Estoppel

 To invoke the defense of equitable estoppel, one must prove (1) a false
representation or concealment of facts; (2) made with knowledge, actual or constructive, of those
facts; (3) with the intention that it should be acted upon; (4) by a party without knowledge, or the
means of knowledge of those facts; (5) who detrimentally relied upon the misrepresentation. 
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991) (citing Gulbenkian v.
Penn, 252 S.W.2d 929, 932 (1952)).

 Comet Oil filed an amended response to the motion for summary judgment
interposing the defense of estoppel. The only proof in support of its defense was an affidavit by
Kaye Moore, Vice President of Comet Oil. Moore testified, by affidavit, that (1) Doyle Rogers
asked her as an officer of Comet Oil to improve the road to the well in accordance with the
lessee's duty under the lease; (2) Comet Oil performed the improvements; (3) Rogers was present
at the well site when Comet Oil commenced the well work-over; (4) Rogers stated that the work
should be done faster; (5) Smithville Savings and Loan Association, Rogers' predecessor in title,
filed a letter with the Railroad Commission which recognized the lease under which Comet Oil
was a lessee; (6) Rogers requested and received Division Order payments under the lease; (7)
Rogers attempted to negotiate a new lease to give him a higher percentage; and (8) when Moore
declined to negotiate a new lease, Rogers asserted the claim that the existing lease was cut off by
foreclosure. 

 The fourth element of estoppel requires that the misrepresentation be made to a
party who had no actual or constructive knowledge of the true facts. Rogers argues that Comet
Oil was able to know the foreclosure's effect on the lease because the documents were on file in
the Bastrop County public records. 

 Comet Oil contends that when Rogers requested it to perform under the lease, he
had actual or constructive knowledge that the lease had terminated but concealed the fact. Moore
testified by affidavit that Rogers acted in a manner consistent with a valid lease, attempted to
negotiate even better lease terms for himself, and then challenged the validity of the lease when
the negotiations proved unsuccessful. Moore cannot, of course, testify to what Rogers actually
knew. By affidavit, Rogers denies having actual knowledge of the legal effect of the foreclosure
until after requesting Comet Oil's performance under the lease.

 Whether Rogers had actual notice that the lease had terminated but, at the same
time, concealed his position may be a question of fact. Whether he had constructive notice that
the lease had terminated turns on the facts reflected in the deed records. 

 The bank's deed of trust was filed of record before the lease was executed and filed
of record. When the oil and gas lease was executed, the deed of trust was not subordinated to the
mineral interest. Comet Oil acquired its interest with at least constructive notice of the superior
claim. When the deed of trust interest was foreclosed, evidence of that fact was filed of record
as well. Thus, whatever notice was contained in the deed records constituted at least constructive
notice to all parties concerned, including Comet Oil. Foreclosure cuts off later acquired interests. 
Therefore, Comet Oil cannot show that it had no actual or constructive notice of, or no means to
discover, the true facts. Unable to show that it lacked any kind of notice of the true facts, Comet
Oil has failed to raise a genuine issue of material fact on one of the elements of estoppel and
therefore cannot avoid an adverse summary judgment. Brownlee, 665 S.W.2d at 112. We
overrule Comet Oil's sole point of error. 



CONCLUSION


 Having overruled appellant's sole point of error, we affirm the trial court's
judgment.


 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 10, 1996

Do Not Publish



Times"> To invoke the defense of equitable estoppel, one must prove (1) a false
representation or concealment of facts; (2) made with knowledge, actual or constructive, of those
facts; (3) with the intention that it should be acted upon; (4) by a party without knowledge, or the
means of knowledge of those facts; (5) who detrimentally relied upon the misrepresentation. 
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991) (citing Gulbenkian v.
Penn, 252 S.W.2d 929, 932 (1952)).

 Comet Oil filed an amended response to the motion for summary judgment
interposing the defense of estoppel. The only proof in support of its defense was an affidavit by
Kaye Moore, Vice President of Comet Oil. Moore testified, by affidavit, that (1) Doyle Rogers
asked her as an officer of Comet Oil to improve the road to the well in accordance with the
lessee's duty under the lease; (2) Comet Oil performed the improvements; (3) Rogers was present
at the well site when Comet Oil commenced the well work-over; (4) Rogers stated that the work
should be done faster; (5) Smithville Savings and Loan Association, Rogers' predecessor in title,
filed a letter with the Railroad Commission which recognized the lease under which Comet Oil
was a lessee; (6) Rogers requested and received Division Order payments under the lease; (7)
Rogers attempted to negotiate a new lease to give him a higher percentage; and (8) when Moore
declined to negotiate a new lease, Rogers asserted the claim that the existing lease was cut off by
foreclosure. 

 The fourth element of estoppel requires that the misrepresentation be made to a
party who had no actual or constructive knowledge of the true facts. Rogers argues that Comet
Oil was