**Becky HIGGINS, Individually and As Next Friend of Christina Higgins and Sabrina Higgins, Minors**

v.

**PITTSBURGH–DES MOINES CO., Hydrostorage, Inc., Whalen Corporation.**

No. Civ. A. G–86–103.

United States District Court,
S.D. Texas,
Galveston Division.

May 5, 1986.

Stanley W. Crawford, Crawford, Grissom, Crow & Richards, Inc., Houston, Tex., for plaintiff.

Michael Phillips, Michael Phillips, P.C., Houston, Tex., Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, Tex., Joseph P. Kelly, Kelly, Stephenson & Marr, Victoria, Tex., for defendants.

## ORDER

HUGH GIBSON, District Judge.

Before the Court is the plaintiff's opposed motion to remand this action to the state district court of Matagorda County.

The proof supporting the remand motion presents the following facts:

Becky Higgins sued defendants Pittsburgh-Des Moines Co. (Pittsburgh), Hydrostorage, Inc., and Whalen Corporation in the state court to recover for the death of her husband resulting from a tragic accident on the job. Plaintiff alleged that Pittsburgh set up Hydrostorage to construct a water tower in College Station, Texas, where the accident occurred. Whalen, plaintiff alleged, was the general contractor in charge of the construction site.

On March 17, 1986, plaintiff and Whalen executed a partial settlement agreement whereby Whalen would pay plaintiff a maximum of $150,000.00. Under the terms of the agreement, Whalen must make an instant payment of $125,000.00. Later, in the event the jury finds Whalen liable and that its liability exceeds $125,000.00, Whalen will then be obligated to pay only up to $25,000.00 regardless of the actual amount awarded by the jury. In exchange, plain-

tiff will release her claims and will indemnify Whalen from all claims against Whalen, including Pittsburgh's and Hydrostorage's cross actions. The partial settlement agreement was duly incorporated into a partial judgment signed by the presiding judge. Whalen paid $125,000.00 to plaintiff accordingly.

Thereafter, Pittsburgh and Hydrostorage tendered to the Court's registry the sum of $25,000.00 to fulfill Whalen's contingent obligation. In other words, Pittsbugh and Hyrdrostorage volunteered to insure the remaining portion of Whalen's maximum liability so as to eliminate Whalen's interest in the case. The elimination of Whalen, the only Texas defendant, would create diversity and warrant removal to the federal court. Relying on its tender of payment, Pittsburgh filed its petition for removal on the morning of trial prior to jury selection.

 This Court finds that since the settlement is merely partial, the issue of Whalen's liability need still be submitted to the jury. Thus, Whalen is still in this case as an interested party defendant. A settlement between plaintiff and the only resident defendant constitutes a voluntary dismissal, thereby giving the remaining defendants the right of removal. *Hum v. Missouri Pacific Railroad Co.*, 292 F.Supp. 65 (E.D.Ark.1968); *Bumgardner v. Combustion Engineering, Inc.*, 432 F.Supp. 1289 (D.South Carolina 1977); *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901 (8th Cir.1985). *See also* 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3723, pp. 316–317 (1985). A case that is non-removable at the onset may become removable only by the plaintiff's "voluntary" act, resulting in the "final" dismissal of those defendants whose presence precludes removal. *Weemo v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967); *Phillips v. Unijax*, 625 F.2d 54 (5th Cir.1980); *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir.1978). Here, defendant Pittsburgh's offer to act as an insurer to remove Whalen can hardly be called the "voluntary" act of the plain-

tiff. Nor is a partial settlement agreement the equivalent of a "final" dismissal.

 Pittsburgh contends that Whalen is a nominal party joined fraudulently only to defeat diversity. The Court finds these arguments meritless. A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. *See* 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3723, pp. 342–343 (1986) *and cases cited therein.* This burden of persuasion falls upon those claiming fraudulent joinder. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588 (S.D.Fla.1983). Pittsburgh has failed this burden. Plaintiff's cause of action against Whalen appears legitimate, resulting in a $125,000.00 front pay and a contingency of $25,000.00 which plaintiff may or may not be able to recover depending on the outcome of the suit. The motive of the plaintiff in joining a defendant is immaterial, provided that plaintiff asserts the cause of action in good faith, upon a reasonable basis grounded in state law. *Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976); *Killebrew v. Atchison, Topeka & Santa Fe Railway Co.*, 233 F.Supp. 250, 251 (W.D.Okl.1964).

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion to remand be, and is hereby, GRANTED. Plaintiff's request for costs and attorneys' fees is DENIED. The non-removability of this case is not so obvious as to warrant an award of costs. Nor was the removal petition frivolous, groundless, or taken in bad faith so as to justify a recovery of attorneys' fees. *See* 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3739, pp. 586–587 (1985). *Cornwall v. Robinson*, 654 F.2d 685 (10th Cir.1981); *Zimmerman v. Conrail*, 550 F.Supp. 84 (S.D.N.Y.1982).