**Marion O. ROWE, Executrix of the Estate of Marlin E. Rowe, Deceased and Marion O. Rowe in her own right**

v.

**JOHNS–MANVILLE CORP., et al.**

Civ. A. No. 86–6044.

United States District Court,
E.D. Pennsylvania.

March 30, 1987.

Martin Greitzer, Philadelphia, Pa., for plaintiff.

Nathaniel Metz and Edward Greer, Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, District Judge.

This asbestos case was originally filed in the Court of Common Pleas of Philadelphia. After the plaintiff settled the case against the Asbestos Claims Facility defendants ("ACF"), GAF filed a removal petition premising federal jurisdiction on diversity of citizenship. Plaintiff has now filed a motion to have this case returned to the Court of Common Pleas. For the reasons discussed below, plaintiff's motion will be granted.

The chief difficulty in this case arises from the unclear nature of the settlement agreement between ACF and the plaintiff. The agreement provides[1] that the amount of money to be paid to the plaintiff by ACF, in exchange for a release of liability, is a "high-low" amount, which will vary depending on the amount of the verdict. *Id.* at ¶ 3(a). In addition, ACF agreed to have an attorney present throughout trial, *id.* at ¶ 3(b), and to permit the plaintiff to object to evidence identifying the asbestos products of ACF member defendants to which plaintiff's decedent may have been exposed, *id.* at ¶ 3(c). The effect of such a settlement is to raise questions about the finality of the agreement between ACF and the plaintiff, and the complete diversity of citizenship which a final settlement would create.

Removal of a case such as this one is governed by 28 U.S.C. § 1446(b), which provides in relevant part:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

Voluntary dismissal by a plaintiff of all defendants whose citizenship is not diverse from that of the plaintiff, through settlement or otherwise, renders the case removable by a remaining defendant. *Higgins v. Pittsburgh-Des Moines Co.,* 635 F.Supp. 1182, 1184 (S.D.Texas 1986). Voluntary discontinuance of an action by a plaintiff against all non-diverse defendants indicates that the plaintiff no longer wishes to dictate the forum of the action. *See Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593 (M.D.La.1983). Any unequivocal indication of the plaintiff's abandonment of the action against the settling defendant suffices to effect dismissal of the case against that defendant, and a formal written stipulation is not required to allow for removal by a remaining defendant. *Lesher v. Andreozzi,* 647 F.Supp. 920, 921–22 (M.D.Pa.1986); *DiNatale v. Subaru of America,* 624 F.Supp. 340 (E.D.Mich.1985).

However, a settlement against non-diverse defendants must be final in order to discontinue the action as to them, and to permit removal by the remaining diverse defendants. In *Higgins, supra,* plaintiff and the non-diverse defendant executed a partial settlement agreement. According

---

1. The parties to the agreement have not reduced the settlement terms to writing. Affidavit of Martin Greitzer, Esquire, counsel for the plaintiff, at ¶ 3. The Greitzer affidavit refers to the settlement as conditional, although it will become evident that the denomination may be self-serving for purposes of this motion.

to the agreement, the settling defendant was required to pay $125,000.00 to plaintiff immediately. In addition, if the settling defendant was found liable in an amount exceeding $125,000.00, it would have to pay up to an additional $25,000.00 regardless of the actual amount awarded by the jury. *Id.* at 1183. Thereafter, the remaining defendants tendered $25,000.00 to the registry of the court in order to satisfy the settling defendant's contingent liability, *id.* at 1184, and removed to the District Court. On motion by the plaintiff, the *Higgins* court remanded, finding the dismissal neither the result of a voluntary act of the plaintiff nor a final settlement of the claims against the non-diverse defendant. *Id.*

■■■ In the case before me, plaintiff argues that the settlement she agreed to was not a final settlement with the ACF defendants, because the sum she will receive is contingent on the total amount of the verdict. Plaintiff argues that the conditional nature of the settlement renders this case indistinguishable from *Higgins.* GAF seeks to distinguish *Higgins* by pointing out that under the settlement, even though the jury will be required to determine the total amount of harm attributable to all defendants as joint tortfeasors[2] which were suffered by the plaintiff, it will not be required to determine the settling defendants' liability to the plaintiff. As a result, GAF argues, the jury will not be required to determine the precise amount that the ACF defendants will be liable to plaintiff and therefore the settlement is final.

I agree with plaintiff. The agreement entered into by plaintiff and the ACF defendants certainly alters the normal direct correspondence between the jury's assessment of liability and the ACF defendants' liability. The partial settlement adopts some alternative formula by which to convert the jury's finding of liability into a dollar figure owed by the settling defendants to the plaintiff. The fact remains that the jury's finding will determine the amount of liability of the "settling" defendants. Under these circumstances, I am unable to conclude that the agreement between the plaintiff and the ACF defendants is a final settlement of all claims between them. This case will be remanded to the Court of Common Pleas.

---

**2.** Under the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S.A. § 8321 *et seq.,* GAF would be entitled to obtain contribution from the settling defendants. 42 Pa.C.S.A. § 8324(a). Furthermore, the settlement of the plaintiff and ACF does not discontinue the crossclaims among the various defendants. If this case gets to trial the jury would be required to assess the relative percentages of liability of the various defendants including the ACF defendants. This fact, however, does not affect the removability of the action.

Prior to assessing the propriety of removal, the court must realign the parties after a partial final settlement to reflect their true interests in the litigation. *Glenmede Trust Co. v. Dow Chemical Co.,* 384 F.Supp. 423, 427 (E.D.Pa. 1974); *Lesher, supra,* 647 F.Supp. at 922. Typi-

cally, a defendant who remains in the action only for the purpose of settling crossclaims as a joint tortfeasor will be realigned as a third party defendant. *See Inventive Music, Ltd. v. Cohen,* 564 F.Supp. 914, 919 (D.N.J.1982). Third party claims fall within the federal court's ancillary jurisdiction, and no independent basis of jurisdiction need be established, *Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3d Cir.1980), so long as there exists diversity between the plaintiff and any remaining defendants.

On the other hand, if the settlement is not final as between the ACF defendants and plaintiff, then the true interests of the parties remain as they were at the outset of the litigation. In that case removal would have been improper for lack of diversity of citizenship.