SANDIA FEDERAL SAVINGS &
LOAN ASSOCIATION,
Plaintiff–Appellant,

v.

VERNON SAVINGS & LOAN
ASSOCIATION, et al.,
Defendants–Appellees.

No. 88–1278.

United States Court of Appeals,
Fifth Circuit.

June 30, 1989.

Collier H. Pate, William C. McAlister, Pate & Payne, Oklahoma City, Okl., for plaintiff-appellant.

Paul H. Friedman, Washington, D.C., David A. Ives, Ann C. Kenney, Dallas, Tex., Richard L. Rennert, Washington, D.C., David I. Hammond, William G. Compton, Dallas, Tex., Samuel J. Winer, Charles McDonald, Washington, D.C., Leonard, Marsh, Hurt & Terry, Dallas, Tex., for defendants-appellees.

ON REMAND FROM THE UNITED
STATES SUPREME COURT

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

On October 14, 1988, we affirmed the district court's dismissal of this case against the FSLIC receiver of an insolvent savings and loan. The dismissal and our affirmance were based on *North Mississippi Savings and Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). Since then, the Supreme Court decided *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.*, 489 U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), and has now vacated and remanded the instant case for further consideration in the light of *Coit. Sandia Federal Savings and Loan Ass'n v. Feder-*

*al Savings and Loan Insurance Corp.*, —— U.S. ——, 109 S.Ct. 2058, 104 L.Ed.2d 624 (1989). *Coit* held, contrary to *Hudspeth*, that the FSLIC does not have the authority and exclusive jurisdiction to adjudicate state law claims against insured institutions for which the FSLIC has been appointed receiver, and further that creditors need not exhaust the FSLIC's administrative claims procedure before asserting those claims in court. *Coit*, 489 U.S. at ——, 109 S.Ct. at 1364. Thus, the Supreme Court has overruled the basis for the district court's dismissal and our affirmance. Accordingly, we reverse the dismissal and remand for further proceedings consistent with the Supreme Court's opinion in *Coit.*

REVERSED AND REMANDED.