879 F.2d 1288
 Ann DAVIS, Individually and as the Alter Ego of Breakers
Management, Inc., and Breakers Management,
Plaintiffs-Appellants,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver
of First Southern Savings Association of Jackson
County, et al., Defendants-Appellees.
 No. 88-4592.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 15, 1989.
 
 C.R. McRae, Margaret P. Ellis, Pascagoula, Miss., for plaintiffs-appellants.
 Aaron B. Kahn, Bethesday, Md., Richard T. Lawrence, Jackson, Miss., for defendants-appellees.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before GEE, REAVLEY, and SMITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 We are called upon primarily to determine whether the district court had removal jurisdiction in this case pursuant to 12 U.S.C. Sec. 1730(k)(1)(C) despite the proviso in 12 U.S.C. Sec. 1730(k)(1). We remand, holding that there is proper removal jurisdiction.
 
 I.
 A.
 
 2
 In North Mississippi Sav. & Loan Ass'n v. Hudspeth, 756 F.2d 1096, 1100 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), overruled in part on other grounds, Coit Independence Joint Venture v. FSLIC, --- U.S. ----, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), we held that section 1730(k)(1) exempts from its general grant of federal jurisdiction only those actions where questions of state law alone are involved and where only the rights or obligations of investors, creditors, stockholders, and a state-chartered institution in FSLIC receivership or conservatorship are at issue. This condition is not met here, as the instant cause involves the rights or obligations of third parties, e.g., Kent Higdon, C.W. Jackson, Leonard Bentz, Kenneth Fairley, Windjammer of the South Partnership, DLF Partnership, N & C Partnership, and Ragtimes of the South, Inc.
 
 
 3
 The defendants other than First Southern Savings Association of Jackson County (First Southern) are debtors of plaintiff Ann Davis, not investors, creditors, or stockholders of First Southern. But we have consistently reasoned that the proviso to section 1730(k)(1) is not applicable where non-proviso parties are present. See Henry v. Independent Am. Sav. Ass'n, 857 F.2d 995, 998 (5th Cir.1988); Bean v. Independent Am. Sav. Ass'n, 838 F.2d 739, 742 (5th Cir.1988). Hence, removal jurisdiction was present here.
 
 B.
 
 4
 Davis asserts that the removal was not timely. However, we note that FSLIC removed this action less than thirty days after it was appointed receiver and on the same day it was substituted in the state court action. It is difficult to imagine how a removal could be more timely. See Addison Airport, Inc. v. Eagle Inv. Co., 691 F.Supp. 1022, 1026 (N.D.Tex.1988); Blakely Airport Joint Venture II v. FSLIC, 678 F.Supp. 154, 155 (N.D.Tex.1988); FDIC v. Brooks, 652 F.Supp. 744, 745 (N.D.Tex.1988).
 
 C.
 
 5
 Davis also argues that removal was improper here because the petition for removal was brought only by FSLIC as receiver and was not joined in by the other named defendants. However, we do not consider the merits of this assertion, as the plaintiff raises it for the first time on appeal. We do note, however, that while the principle asserted by the plaintiff may apply under the general removal statute, 28 U.S.C. Sec. 1441, the statute under which this case was removed, section 1730(k)(1), appears to provide an independent basis for removal by FSLIC alone. We have reached the same conclusion in regard to another statute, 28 U.S.C. Sec. 1442, permitting removal by a federal officer. See Allman v. Hanley, 302 F.2d 559, 562 (5th Cir.1962).
 
 D.
 
 6
 Finally, in objecting to removal, Davis contends that cases not removable at the time of filing require some voluntary act on the plaintiff's part in order to be removable subsequently. We note, as with the preceding issue, that Davis appears to have waived this issue by failing to raise it in the district court as part of her motion to remand. But even assuming, arguendo, that it was properly raised, we observe that the cases which she relies upon are all based upon diversity of citizenship. The reasoning of those cases--to prevent "removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts," Weems v. Louis Dreyfus Corp., 380 F.2d 545, 546 (5th Cir.1967)--is inapposite to section 1730(k)(1), which specifically permits FSLIC to remove after it has been appointed receiver.
 
 II.
 
 7
 In its briefs on appeal, FSLIC asserted that the district court was correct in granting FSLIC's motion to dismiss without prejudice. In dismissing, the court relied upon FSLIC v. Bonfanti, 826 F.2d 1391 (5th Cir.1987), which in turn had relied upon Hudspeth. Bonfanti held that federal courts are divested of subject matter jurisdiction over claims against thrift receiverships until the administrative claims process is completed as to those claims.
 
 
 8
 As FSLIC now readily acknowledges, the subject portion of Hudspeth has now been overruled by Coit, 109 S.Ct. at 1368-76, which was decided after briefing but prior to oral argument herein. Under Coit, the district court has jurisdiction to determine this removed claim. See, e.g., Sandia Fed. Sav. & Loan Ass'n v. Vernon Sav. & Loan Ass'n, 877 F.2d 345 (5th Cir.1989) (reversing dismissal and vacating in light of Coit ).
 
 III.
 
 9
 In the district court, the parties disputed whether a settlement agreement was ever reached. In its order dismissing the action, the district court acknowledged the existence of this issue but, without explanation, stated that it was denying the motion to enforce settlement. In light of the district court's dismissal of the action in toto, it is not clear whether he intended to rule on this issue. Therefore, pursuant to our reversal of the dismissal, we vacate the ruling on the question of settlement in order that the district court may have the opportunity to address it anew. However, we emphasize that we express absolutely no view on the merits of that issue.
 
 IV.
 
 10
 In summary, pursuant to Coit we REVERSE the district court's order of dismissal. We AFFIRM the district court's denial of the motion to remand and VACATE the denial of the motion to enforce settlement. This matter is REMANDED to the district court for further proceedings consistent herewith.