**UNITED BANK OF WACO, N.A., Plaintiff,**

v.

**FIRST REPUBLIC BANK WACO, N.A., as Executor of the Estate of Laura Head, and Ann Ward also known as Mrs. R.A. Ward, Jr., Defendants,**

**and**

**Federal Deposit Insurance Corporation, Intervenor.**

**No. W–90–CA–252.**

United States District Court, W.D. Texas, Waco Division.

Feb. 12, 1991.

Michael R. Swan, Federal Deposit Ins. Corp., Dallas, Tex., for intervenor.

Paxton King Littlepage, Mart, Tex., for defendants.

ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered the Federal Deposit Insurance Corporation's (FDIC) Motion to Dismiss. The FDIC files this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Defendants have not answered.

I. *Background*

United Bank interplead funds from Laura Head's saving account into the state court's registry on February 3, 1988. United Bank requested attorney's fees and the court to determine whether the funds were Laura Head's or Ann Ward's. Mrs. Ward filed DTPA and negligence counterclaims against United Bank on March 22, 1988. On March 3, 1989, the court found for the Estate of Laura Head, but refused to address United Bank's request for attorney's fees until Mrs. Ward's counterclaims were resolved. The FDIC, appointed Receiver for United Bank on August 2, 1990, stepped in to defend United Bank and assert its claim for attorney's fees. The FDIC then removed the case to this Court on August 30, 1990. Notice of United Bank's closing was published, for thirteen (13) weeks, by the FDIC in the Waco Tribune Herald informing creditors that claims must be filed by October 31, 1990. Personal notice was also sent to Mrs. Ward.

II. *Discussion*

The FDIC contends that Mrs. Ward's counterclaims are barred because she failed to file a claim with the FDIC pursuant to Title 12 U.S.C., Section 1821(d)(5)–

(14). Although dealing with the Federal Savings and Loan Insurance Corporation (FSLIC) and different statutes, the Fifth Circuit basically addressed this issue in *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). *Hudspeth* held that the FSLIC has exclusive jurisdiction, thus district courts lack subject matter jurisdiction, to adjudicate claims such as Mrs. Ward's. *See id.* at 1103. Such claims must be administratively disposed of by the Federal Home Loan Bank Board before judicial review can be sought. *Id.* However, *Hudspeth* has essentially been overruled. *See Coit Independence Joint Venture v. Federal Savings & Loan Ins. Corp.*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

*Coit* held that the FSLIC does not have the authority to adjudicate claims filed against failed institutions and a plaintiff is entitled to *de novo* review by a district court. *See id.* 109 S.Ct. at 1371. The Supreme Court also held that a plaintiff is not required to exhaust administrative remedies before seeking judicial review because the administrative remedies at issue were inadequate. *See id.* at 1375–76 (no reasonable time limit on FSLIC's consideration of claims). The statutory language that offended the Court permitted the FSLIC to retain a claim for "further review" indefinitely. *Id.*

After *Coit*, the Fifth Circuit has understandably retreated from its position in *Hudspeth*. *See, e.g., Carrollton–Farmers Branch Ind. School Dist. v. Johnson & Cravens*, 889 F.2d 571, 572 (5th Cir.1989) (original and removal jurisdiction exists); *Triland Holdings & Co. v. Sunbelt Serv. Corp.*, 884 F.2d 205, 207–08 (5th Cir.1989) (federal court has removal jurisdiction except when FDIC is appointed by state); *Sandia Federal Savings & Loan Ass'n v. Vernon Savings & Loan Ass'n*, 877 F.2d 345, 345 (5th Cir.1989) (FSLIC does not have exclusive adjudicatory authority, nor does plaintiff have to exhaust administrative remedies). However, Justice O'Connor indicated in *Coit* that a plaintiff may be required to exhaust his remedies under an administrative claims procedure restricting the FSLIC's time to consider a claim. *See Coit*, 109 S.Ct. at 1375–76. Justice Scalia's concurrence states concern with classifying the issue as one of exhaustion. *See id.* at 1376 (Scalia, J. concurring). Justice Scalia believes that requiring a plaintiff to exhaust administrative remedies may result in the pre-emption of state law. *Id.* He advocated allowing Congress to complete its consideration of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). *Id.* at 1378.

FIRREA was eventually enacted on August 9, 1989. Both *Carrollton–Farmers* and *Triland* were decided after FIRREA's enactment. The Fifth Circuit stated in *Carrollton–Farmers:*

> The enactment of FIRREA resolves any jurisdictional uncertainties in the matter *sub judice.* Section 407 of FIRREA repeals 12 U.S.C. § 1730(k)(1), upon which our prior opinion herein heavily relied, and section 209 of FIRREA amends 12 U.S.C. § 1819 to expand federal jurisdiction where the FDIC is a party.... As we explained in *Triland,* the new section expands federal jurisdiction to all suits to which the FDIC is a party, with one exception pertinent here: where the FDIC was appointed, as receiver, *exclusively by state authorities.* [S]ection 1819(2)(A) confers original jurisdiction while section 1819(2)(B) provides removal jurisdiction. [Citations omitted].

*Carrollton–Farmers Branch*, 889 F.2d at 572. However, since FIRREA's enactment, the Fifth Circuit has not directly addressed the administrative scheme clearly envisioned by Congress and found in Title 12 U.S.C., Section 1821(d)(5)–(14).

Neither *Carrollton–Farmers Branch* nor *Triland* deals specifically with a creditor's complete failure to adhere to section 1821. Instead, the opinions deal more with the propriety of removal. *See Triland*, 884 F.2d at 207; *Carrollton–Farmers Branch*, 889 F.2d at 572. While the Fifth Circuit originally addressed the exhaustion of administrative remedies in *Carrollton–Farmers Branch*, this opinion was vacated and remanded after *Coit*. *See Carrollton–*

*Farmers Branch Ind. School Dist. v. Johnson & Cravens*, 858 F.2d 1010, 1015–16 (5th Cir.1988), *modified*, 867 F.2d 1517 (5th Cir.), *vacated and remanded*, 889 F.2d 571 (5th Cir.1989). The Court did state, however, that such an administrative requirement was an exception to a court's removal jurisdiction. *See Carrollton–Farmers Branch*, 858 F.2d at 1015.

Recently, several district courts have held that a failure to exhaust administrative remedies deprives the court of jurisdiction. *See Circle Industries v. City Federal Savings Bank*, 749 F.Supp. 447, 455 (E.D.N.Y.1990); *Patrick T. Frawley & Assoc. v. City Federal Savings Bank*, 1990 WL 63546 (E.D.Pa.1990); *see also Tuxedo Beach Club Corp. v. City Federal Savings Bank*, 737 F.Supp. 18, 19–20 (D.N.J.1990) (exhaustion required). *Circle Industries* and *Tuxedo Beach* both discuss the legislative history of FIRREA and its relation to the *Coit* decision. 749 F.Supp. at 453–55; 737 F.Supp. at 19–20.

The FDIC has the power to determine claims and "prescribe regulations regarding the allowance or disallowance of claims by the receiver and *providing for administrative determination of claims and review of such determination.* *See* 12 U.S.C. § 1821(d)(3), (4) (1990) (emphasis added). Such an administrative scheme exists. *See id.* at (5)–(14). The FDIC must publish and send notice of the depository institution's winding up and inform creditors when to present their claims. *Id.* at (3)(B), (C). The FDIC must then determine whether a claim will be allowed or disallowed within 180 days of its filing. *Id.* at (5)(A)(i). This appears to provide a reasonable time limit for review by the FDIC. *See Coit*, 109 S.Ct. at 1375–76. Claims filed after the notice's deadline are to be disallowed. *See* 12 U.S.C. § 1821(d)(5)(C)(i).

Justice Scalia's concern in *Coit*, the preemption of state law, is addressed by the fact that statutes of limitations are tolled by the filing of a claim with the FDIC. *Id.* at (5)(F). A claimant may, within sixty (60) days of the 180 day period or the notice of disallowance, "request administrative review of the claim ... or file suit on such

claim (*or continue an action commenced before the appointment of the receiver*)." *Id.* at (6)(A) (emphasis added). A failure to do so will result in a claim's disallowance. *Id.* at (6)(B). Finally, FIRREA provides that "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over—any claim or action ..." *See* 12 U.S.C. § 1821(d)(13)(D).

In this case, no claim was ever filed with the FDIC. Accordingly, the counterclaims in this case should be disallowed. *See* 12 U.S.C. § 1821(d)(5)(C)(i). However, this Court does not have jurisdiction to do so. *Id.* at (13)(D). The fact that this case was filed before United Bank was taken over by the FDIC is not an issue. FIRREA's administrative scheme applies to pending actions. *Id.* at (6)(A) (actions instituted before appointment of receiver may be continued after claim's disallowance by FDIC); *see also Sunbelt Savings v. Bent Trail Phase IV Joint Venture*, 907 F.2d 1569, 1571 (5th Cir.1990) (FIRREA has retroactive application). To entertain this action, would permit persons holding claims against a depository institution to completely forego the administrative process described in Title 12 U.S.C., Section 1821(d), and thereby, the letter of the law. This would render section 1821 meaningless. Certainly, the spirit of section 1821 and Congress' intent is a system that promotes the efficient handling of claims. The Court cannot imagine any other reason for section 1821's existence. Accordingly, it is

ORDERED that the FDIC's Motion to Dismiss is GRANTED. It is further

ORDERED that the FDIC's Request for Attorney's Fees in the amount of $1,500.00 is GRANTED.