**Kenneth THRAPP and Linda Thrapp, Plaintiffs,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 3–91–1359–H.**

United States District Court, N.D. Texas, Dallas Division.

July 11, 1991.

Brent M. Rosenthal and Russell W. Budd, Dallas, Tex., for plaintiffs.

J. Dennis Chambers, Atchley Russell Waldrop & Hlavinka, Texarkana, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Plaintiffs Kenneth Thrapp and Linda Thrapp's Emergency Motion to Remand, filed July 11, 1991. The Court held a conference on this motion on July 11, 1991.

This is an asbestos case originally brought in Texas state court. Defendant National Gypsum Company is the only non-diverse party in the case. Because of Plaintiff Kenneth Thrapp's extremely poor and rapidly deteriorating health, the state court judge, the Honorable John McClellan Marshall, expedited the trial of the case, so it is less than one year old. Because it is less than a year since the case was filed, 28 U.S.C. § 1446(b) does not bar its removal if the requisites of this Court's diversity jurisdiction are established.

The jury trial started on July 1, 1991. Several days into trial, Plaintiffs reached a "high-low" settlement with three Defendants, including National Gypsum. The settlement provides that the settling parties shall pay, within 60 days of the date of settlement, $490,000.00. If the jury returns a verdict in excess of that amount, National Gypsum (but not the other settling Defendants) shall pay up to $10,000.00 more, so the total amount of the settlement cannot exceed $500,000.00.

Primarily on the basis of this settlement agreement involving National Gypsum, Defendant Keene Corporation removed the case to this Court on July 10, 1991. Keene contends that the high-low settlement constitutes a final settlement of the case as to

National Gypsum or at least constitutes an unequivocal indication of Plaintiffs' abandonment of the action against National Gypsum, rendering the case removable. Keene relies principally on *Rowe v. Johns–Manville Corp.*, 658 F.Supp. 122, 123–24 (E.D.Pa.1987), and the *Rowe* court's unpublished reconsideration and reversal of its published opinion. *See Rowe v. Johns–Manville Corp.*, No. 86–6044 (E.D.Pa. June 9, 1987), 1987 WL 12266. In that case, although the settling parties purported to enter into a contingent high-low settlement, the court found that all of the documentary evidence surrounding the settlement supported the conclusion that the parties had entered into an unconditional settlement of all claims. The court further found that the one dollar high-low settlement was *de minimis* and constituted an unequivocal abandonment of plaintiff's claim. Accordingly, the *Rowe* court found complete diversity between the remaining parties, and vacated the earlier published order remanding the case to state court.

In the present case, the Court finds that Plaintiffs have not unequivocally abandoned their claims against National Gypsum. Under the terms of the high-low agreement National Gypsum may still be liable for up to $10,000 in damages should the jury return a verdict in excess of $490,-000 against it. The other settling Defendants do not share this exposure which, although rather small in the context of asbestos litigation, is not *de minimis.*

The Court finds that this dispute is governed by the decision in *Higgins v. Pittsburgh–Des Moines Co.*, 635 F.Supp. 1182 (S.D.Tex.1986). In that case, the difference between the low and high ends of the settlement agreement between the plaintiff, Higgins, and the sole nondiverse defendant, Whalen, was greater than it is here—$25,000 as opposed to $10,000. The only other significant difference between *Higgins* and the present case is that the nonsettling parties in *Higgins* actually paid $25,000 into the registry of the court before the case was tried, in order to fulfill Whalen's obligation under the agreement and eliminate its interest in the case. The court found that removal was improvident and granted the plaintiff's motion to remand.

> *This Court finds that since the settlement is merely partial, the issue of Whalen's liability need still be submitted to the jury. Thus, Whalen is still in this case as an interested party defendant.* A settlement between the plaintiff and the only resident defendant constitutes a voluntary dismissal, thereby giving the remaining defendants the right of removal. A case that is non-removable at the onset may become removable only by the plaintiff's "voluntary" act, resulting in the "final" dismissal of those defendants whose presence precludes removal. Here, [nonsettling and diverse] defendant Pittsburgh's offer to act as an insurer to remove Whalen can hardly be called the "voluntary" act of the plaintiff. *Nor is a partial settlement agreement the equivalent of a "final" dismissal.*

*Id.* at 1184 (citations omitted and emphasis added).

In the present case, $10,000 remains at stake between National Gypsum and Plaintiffs. Plaintiffs' counsel stated that National Gypsum's offer to partially settle was accepted on the condition that the settlement be structured so that National Gypsum remain in the case as an interested party defendant. Indeed, Plaintiffs' counsel stated that the parties relied expressly on Judge Gibson's decision in *Higgins v. Pittsburgh–Des Moines Co.* in drafting their agreement because Plaintiffs did not want the case removed in the middle of a jury trial.

The Court finds that under the agreement National Gypsum remains an interested party defendant and that Plaintiffs have not abandoned their action against National Gypsum. Because Plaintiffs have not voluntarily dismissed all Defendants whose citizenship is not diverse from Plaintiffs, through settlement or otherwise, this case has been improvidently removed.

Accordingly, Plaintiffs' emergency motion to remand is hereby GRANTED and this case is REMANDED to the 14th Judi-

cial District Court of Dallas County, Texas. Plaintiffs' request for costs and attorneys' fees is DENIED. The nonremovability of this action was not so obvious as to warrant an award of costs. Nor was the removal petition frivolous, groundless, or taken in bad faith so as to justify a recovery of attorneys' fees.

SO ORDERED.