**PEOPLES STATE BANK, Plaintiff,**

v.

**Delmar B. GARRETT, Delmar Gene Garrett and F & G Industries, Inc., Defendants,**

v.

**THE FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Peoples State Bank, Intervenor.**

Civ. A. No. CA–3–91–0032–J.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 19, 1991.

Robert B. Somers, Richardson, Michael R. Swan, Dallas, for plaintiff.

Eugene J. Emmett, Dallas, for defendants.

## ORDER GRANTING INTERVENOR'S MOTION TO DISMISS

MARY LOU ROBINSON, District Judge.

Before the Court is a Motion to Dismiss filed April 22, 1991 by Intervenor THE FEDERAL DEPOSIT INSURANCE CORPORATION as RECEIVER for PEOPLES STATE BANK (FDIC). No response has been filed by any party. Because of Defendants' failure to begin or exhaust their administrative remedies, this Court concludes that it is without jurisdiction over their counterclaims against the FDIC as Receiver. Therefore Intervenor FDIC's Motion is granted in part, denied in part, and Defendants' counterclaims are dismissed without prejudice.

## BACKGROUND

This action started out as a typical suit on a note. Plaintiff PEOPLES STATE BANK (Bank) sought recovery in state court on five promissory notes executed by the Defendants. Defendants answered and raised counterclaims of violations of the Texas Deceptive Trade Practices Act (DTPA) and the Texas Consumer Protection Act by the Bank. The Bank was declared insolvent and the FDIC was appointed receiver; it intervened in the state court suit and removed the suit to federal court.

The FDIC intervened in the action to assume the defense of the Bank to the lender liability counterclaims of the Defendants. The FDIC seeks now seeks dismissal of all these counterclaims, asserting the Defendants' failure to state a claim and this Court's lack of subject matter jurisdiction, citing Fed.R.Civ.Pro. 12(b)(1) & (6) and case law on dismissals for failure to exhaust the FDIC's mandatory administrative remedy process. The Defendants do not answer this motion.

## STANDARDS FOR MOTIONS TO DISMISS

The federal rules require that a pleading need only furnish a short and plain state-ment of the claim showing that the pleader is entitled to relief. Fed.R.Civ.Pro. 8(a). Rule 12(b)(1) & (6) motions therefore function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. C. Wright & A. Miller, 5 *Federal Practice and Procedure* § 1356 at 590 (1969). In analyzing a defendant's Rule 12(b) motion to dismiss, the Court must accept the allegations of a plaintiff as true and construe them in a light most favorable to the plaintiff. *Bruce v. First Fed. Sav. & Loan Ass'n of Conroe, Inc.,* 837 F.2d 712, 713 (5th Cir. 1988).

As the Supreme Court has stated:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See also Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967).

## DISCUSSION

The FDIC contends that all counterclaims are barred because the Defen-

dants, despite personal notice and an opportunity to do so, have failed to file a claim with the FDIC pursuant to 12 U.S.C. § 1821(d)(5)–(14). The FDIC supplies an affidavit to this effect, which the Court has considered.[1] In effect, the FDIC contends that Defendants have not met an administrative remedies exhaustion requirement mandated by this statute. While this contention is similar to the position set forth by the FSLIC and adopted by the Fifth Circuit in *North Miss. Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1103 (5th Cir. 1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), it is not identical.[2] The material difference is based on the fact that the statute at issue, 12 U.S.C. § 1821, was amended subsequent to the overruling of *Hudspeth.*

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73 (1989), was enacted on August 9, 1989.[3] Pursuant to section 212 of FIRREA, section 11 of the Federal Deposit Insurance Act, 12 U.S.C. § 1821, was substantially amended. FIRREA expressly limited the jurisdiction of United States District Courts to *de novo* review of claims first presented to the FDIC as Receiver:

Limitation on judicial review.—Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been assigned receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). Since FIRREA's enactment, the Fifth Circuit has not directly addressed the administrative remedies scheme mandated by Congress and found in section 1821(d)(1) thru (17). However, other courts have.

Several courts have held that a defendants' failure to exhaust the FDIC's administrative remedy deprives federal district courts of jurisdiction to adjudicate that defendant's affirmative claims. *See United Bank of Waco, N.A. v. First Republic Bank Waco, N.A.,* 758 F.Supp. 1166, 1167–68 (W.D.Tex.1991) (dismissing counterclaims against the FDIC); *Circle Indus. v. City Fed. Sav. Bank,* 749 F.Supp. 447, 455 (E.D.N.Y.1990) (dismissing counterclaims against the RTC and parties), *aff'd,* 931

---

**1.** Affidavits submitted by a party, either in support or in opposition to a motion to dismiss, may be considered by the court. *See American Fed. of State v. County of Nassau,* 609 F.Supp. 695, 701 n. 4 (E.D.N.Y.1985) ("facts outside of the pleadings may be considered on a 12(b)(1) motion"). *Accord Exchange Nat'l Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir.1976).

**2.** The Fifth Circuit held that the FSLIC, and thus now the FDIC, had exclusive jurisdiction to adjudicate counterclaims such as are raised here, and federal district courts therefore lack subject matter jurisdiction where this requirement has not been met. *Hudspeth, supra,* 756 F.2d at 1103. However, *Hudspeth* has essentially been overruled. *See Coit Indepen. Joint Venture v. FSLIC,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

*Coit* held that the FSLIC does not have the sole or exclusive authority to adjudicate all claims filed against failed financial institutions and a plaintiff is entitled to *de novo* review by the district court. *See id.,* 109 S.Ct. at 1371.

The Supreme Court also held that a plaintiff is not required to exhaust administrative remedies before seeking judicial review because the administrative remedies at issue at that time were inadequate. *See id.* at 1375–76 (no reasonable time limit on agency's consideration of claims). The statutory language that offended the Court permitted a federal agency to retain a claim for "further review" indefinitely. *Id.*

After *Coit,* the Fifth Circuit retreated from its position in *Hudspeth. See, e.g., Carrollton–Farmers Branch Ind. School Dist. v. Johnson & Cravens,* 889 F.2d 571, 572 (5th Cir.1989) (original and removal jurisdiction exists); *Triland Holdings & Co. v. Sunbelt Serv. Corp.,* 884 F.2d 205, 207–08 (5th Cir.1989) (federal court has removal jurisdiction except when FDIC is appointed by state); *Sandia Fed. Sav. & Loan Ass'n v. Vernon Sav. & Loan Ass'n,* 877 F.2d 345, 345 (5th Cir.1989) (FSLIC does not have exclusive adjudicatory authority, nor does plaintiff have to exhaust administrative remedies).

**3.** FIRREA has retroactive application. *Sunbelt Sav. v. Bent Trail Phase IV Joint Venture,* 907 F.2d 1569, 1571 (5th Cir.1990).

F.2d 7 (2d Cir.1991) (per curiam) (affirming for "substantially the reasons" given by the district court); *Tuxedo Beach Club Corp. v. City Fed. Sav. Bank*, 737 F.Supp. 18, 19–20 (D.N.J.1990) (exhaustion required).[4]

■ Both *United Bank of Waco, supra,* 758 F.Supp. at 1167–68, *Circle Industries, supra,* 749 F.Supp. at 453–55, and *Tuxedo Beach, supra,* 737 F.Supp. at 19–20, discuss the legislative history of FIRREA and its relation to the Supreme Court's *Coit* decision overturning the *Hudspeth* doctrine. These cases stand for the proposition that the objections to the Fifth Circuit's *Hudspeth* doctrine expressed by the Supreme Court in *Coit* were cured by FIRREA's amendments to section 1821, and that FIRREA mandates claimants submit to the FDIC's administrative procedures for reviews of claims. Failure to begin and to exhaust this administrative remedy process, these cases hold, deprives a federal court of jurisdiction over affirmative claims. For the reasons expressed in the cited cases and considering the plain language of 12 U.S.C. § 1821(d)(1) thru (14), this Court agrees.[5]

■ Given lack of jurisdiction, the FDIC's Rule 12(b)(6) motion to dismiss for failure to state a claim is moot. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir.1990) (a court must decide the defendants' Rule 12(b)(1) motion first) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1350 at 548 (1969): "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed.R.Civ.P., as well as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the [claims] for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined'." (citation omitted)).

## CONCLUSION

Because the Defendants' have failed to begin or exhaust the FDIC's statutorily mandated administrative remedy process, this Court is without jurisdiction over their counterclaims against the FDIC as Receiver. Intervenor FDIC's Motion to dismiss for lack of jurisdiction is therefore granted. Intervenor FDIC's Motion to dismiss for failure to state a claim is denied as moot.

The Defendants' counterclaims against the FDIC as Receiver are hereby dismissed without prejudice. The FDIC as Receiver is hereby dismissed from this action.

Given that this case was removed to federal court on the basis of the FDIC's intervention, and given that the FDIC is dismissed from this action, the Court directs the parties to show cause within fifteen (15) days of the date of this Order why this

---

**4.** *See also Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record which is adequate for judicial review"); *Everett N. Dobson & Sons, Inc. v. Dictar Assoc. II*, 764 F.Supp. 1 (D.Ma.1991) (claims against FDIC dismissed without prejudice for failure to exhaust administrative remedies and therefore lack of jurisdiction); *Yumukoglu v. RTC*, 1991 WL 68322 (E.D.La. April 19, 1991) (counterclaims against RTC dismissed without prejudice because of failure to pursue administrative remedies and resultant lack of jurisdiction); *Meliezer v. Home Sav. & Loan Ass'n*, 1991 WL 22926 (E.D.La. Feb. 15, 1991) (claims against RTC dismissed without prejudice because of failure to pursue adminis-

trative remedies and resultant lack of jurisdiction); *Patrick T. Frawley & Assoc. v. City Fed. Sav. Bank*, 1990 WL 63546 (E.D.Pa.1990) (affirmative claims time-barred, barred by *res judicata* and district court without jurisdiction to proceed).

**5.** As the court in *United Bank of Waco* so well put it:

> To entertain this action would permit persons holding claims against a depository institution to completely forego the administrative process described in Title 12 U.S.C., Section 1821(d), and thereby, the letter of the law. This would render section 1821 meaningless. Certainly, the spirit of section 1821 and Congress' intent is a system that promotes the efficient handling of claims.

*United Bank of Waco, N.A. v. First Republic Bank Waco, N.A.*, 758 F.Supp. 1166, 1168 (W.D.Tex.1991).

action should not be remanded to state court.

It is SO ORDERED.