**Otis RATCLIFF, et al.**

v.

**FIBREBOARD CORPORATION, et al.**

**No. A-92-CA-597.**

United States District Court,
W.D. Texas,
Austin Division.

Oct. 20, 1992.

43. *Lingle,* 486 U.S. at 407–10, 108 S.Ct. at 1882–84.

Russell Wills Budd, Baron & Budd, Dallas, TX, W. Thomas Jacks, Mithoff & Jacks, Austin, TX, for plaintiffs.

Robert D. Arredondo, Butler & Binion, Houston, TX, Lyn Stevens, Weller, Wheelus & Green, Beaumont, TX, Larry D. Carlson, Baker & Botts, Dallas, TX, Peter A. Moir, Gary D. Elliston, DeHay & Blanchard, Dallas, TX, Richard L. Forman, Forman, Perry, Watkins & Krutz, Jackson, MS, Henry Wehrmann, Stadley, Schmidt & Wright, Dallas, TX, Rick W. Thamm, Houston, TX, for defendants.

ORDER

NOWLIN, District Judge.

Before the Court is the Plaintiff's Motion to Remand, filed October 19, 1992. Having reviewed and considered this motion, the response, the arguments of counsel, and the applicable law, this Court is of the opinion that the motion should be DENIED.

**BACKGROUND**

This action was set for jury selection and trial yesterday in state court. At approximately 8:30 a.m. yesterday morning, on behalf of all of the Defendants, the Defendant Owens–Corning removed this case to federal court.

On the same day that this action was removed, this Court held an expedited hearing to consider the Plaintiff's motion to remand this action. All parties were noticed and represented by counsel at the hearing.

The Plaintiffs argue that they have not finally dismissed their claims against the non-diverse defendant National Gypsum. Instead, the Plaintiffs assert that they have only entered into "high-low" arrangements with the non-diverse defendants with a variable range of 70,000 dollars depending upon the jury verdicts in the five consolidated actions that are a part of this action.

At the hearing, this Court admitted into evidence five letter agreements purporting to be the settlement arrangements between the Plaintiffs and the settling Defendants. Four of these agreements demonstrate a settlement by which the six settling defendants will pay 22,500 dollars with a variable additional liability of up to a maximum additional 5000 dollars. This settlement amount appears to be shared jointly by the settling defendants. One of the agreements involves a payment of 625,000 dollars with a contingent variable payment of up to a maximum additional 50,000 dollars. In all of these agreements, the variable additional potential

liability is to be borne solely by the non-diverse defendant National Gypsum.

## THE PERTINENT LAW

### General Removal Considerations

In their notice of removal, the Defendants have based their removal upon 28 U.S.C. §§ 1441 and 1446(b). This second paragraph of Section 1446(b) provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b). This provision, therefore, establishes a one year maximum time limit for removal based upon the diversity jurisdiction of federal courts. The Plaintiffs did not argue that this action was not removed within the one-year limit.

28 U.S.C. § 1332 is the diversity jurisdiction statute for federal courts. This provision permits original jurisdiction in federal district courts over civil actions where the dispute is between citizens of different states and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332(a). For the purposes of Section 1332 and Section 1441 [the general removal statute], a corporation is deemed a citizen: (1) of any State in which the corporation is incorporated; *and,* (2) of the State where the corporation has its principal place of business. 28 U.S.C. § 1332(c).[1] The Plaintiffs have not argued that the non-settling defendants are not diverse for the purposes of federal jurisdiction.

Although the removal and remand statutes do not expressly require such action, the Fifth Circuit holds that 28 U.S.C. § 1446(b) requires all defendants who have been properly joined and served at the time of the removal are required to join in the removal petition, otherwise the removal is defective. *See Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 871 (5th Cir.1991), *cert. denied* — U.S. —, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991), (citing to *Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262 (5th Cir.1988)). The failure of all defendants to join in the removal petition is not a jurisdictional defect. *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990) (citations omitted). The Plaintiffs have not contested the joining in the removal by all of the defendants in this action.

### The Voluntary–Involuntary Rule

Although 28 U.S.C. § 1446(b) permits a defendant to remove an action to federal court on the basis of diversity jurisdiction created in the action at any time up to one year after commencement of the action, the federal courts impose a significant limitation upon the removal of actions to federal court upon the basis of such a subsequent creation of diversity between the parties.

The federal courts apply a "voluntary-involuntary" rule to determine whether a cause of action is removable pursuant to 28 U.S.C. § 1446(b) once the plaintiff(s) and defendant(s) in the action become diverse within the meaning of 28 U.S.C. § 1332. *See Weems v. Louis Dreyfus Corporation,* 380 F.2d 545, 547 (5th Cir.1967). This rule provides that a case that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff. *Id.* In *Weems,* a summary judgment dismissing the Plaintiff's claims against the non-diverse defendant in this case was wholly involuntary to the plaintiff, as well as not being final in the sense that this judgment was appealable in the state courts. *Id.* at 546; *see also Davis v. Federal Savings and Loan Insur. Corp.,* 879 F.2d 1288, 1289 (5th Cir.1989). Every federal court of appeals that has addressed the voluntary-involuntary rule has agreed that this rule is still applicable following the original enactment of section 1446(b). *See Poulos v. Naas Foods,*

1. Consequently, a corporation is deemed a citizen of all of the States in which it is incorporated, as well as the State where the corporation has its principal place of business.

*Inc.*, 959 F.2d 69, 72 (7th Cir.1992) (citations omitted).[2]

Under this voluntary-involuntary rule, when the change in circumstances in a case that creates diverse parties does not result from a voluntary act of the plaintiff, the action is not removable under section 1446(b) to federal district court. If the dismissal of the non-diverse defendants is the result of the state court's acting contrary to the desire of the plaintiff, the case cannot be removed. *See Weems*, 380 F.2d at 546 (citation omitted). In *Weems*, the Fifth Circuit explained:

> The manner in which the resident defendant was dismissed in the instant case, by a directed verdict, is the classic situation where removal long has been denied for good reason. The dismissal, wholly involuntary to the plaintiff, is not final in the sense that it is appealable in the state courts.

*Id.* at 548. Unlike the plaintiff in *Weems*, the plaintiffs in the instant action wholly voluntarily entered into a settlement agreement with the non-diverse defendants and the settlement agreement appears to be final and in no way appealable in the state courts. A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case. *See Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 and n. 2 (8th Cir.1985).

**The Settlement Agreements At Issue**

Several district courts have addressed the effect of "high-low" settlement agreements upon removal jurisdiction. In the Northern District of Texas, Judge Sanders held that a settlement agreement that made the monetary liability of the settling non-diverse defendant contingent upon the jury verdict did not result in a final dismissal of the non-diverse defendant. *See Thrapp v. Armstrong World Industries, Inc.*, 767 F.Supp. 822, 822–824 (N.D.Tex.1991). Consequently, on the same day upon which it was removed, Judge Sanders remanded the case to state court. *Id.* at 824. In *Thrapp*, the non-diverse defendants agreed to pay 490,000 dollars with a possible increase of 10,000 dollars depending upon the jury verdict. *Id.* at 823. Unlike the case before this Court, the state court trial had already commenced before the "partial" settlement was entered into and before the case was removed. *Id.* Judge Sanders relied upon the case of *Higgins v. Pittsburgh–Des Moines Co.*, 635 F.Supp. 1182 (S.D.Tex.1986). Interestingly, *Thrapp* involved a "high-low" settlement agreement with the same non-diverse defendant, National Gypsum, as in the case before this Court, and the plaintiffs were represented by the same law firm as the plaintiffs in this case.[3]

In *Higgins*, Judge Gibson was confronted with a settlement agreement resulting in an instant payment of 125,000 dollars and a contingent payment of up to an additional 25,000 dollars depending upon the jury verdict. *Higgins*, 635 F.Supp. at 1183. Judge Gibson ruled that the settlement was only partial because the liability issue of the settling non-diverse defendant still had to be submitted to the jury. *Id.* at 1184. The judge found that such a settlement was not the equivalent of a "final" dismissal. *Id.*

In *Thrapp*, Judge Sanders found that the settlement was conditional and therefore not final. *Thrapp*, 767 F.Supp. at 823. Judge Sanders emphasized that a partial settlement agreement is not the equivalent of a "final" dismissal. *Id.* (quoting from *Higgins*, 635 F.Supp. at 1184).

In *Rowe v. Johns–Manville Corp.*, 658 F.Supp. 122 (E.D.Pa.1987), the court initially held that a "high-low" settlement agreement in an asbestos case did not result in a final dismissal against the non-diverse defendant. *Id.* at 123–124. The court relied upon *Hig-*

2. Even though 28 U.S.C. § 1446(b) has been amended more recently to include a one-year time limit, a commentator states that there is no evidence that Congress had any intent to change the voluntary-involuntary rule. *See* Siegel, David, "Commentary on 1988 Revision," following 28 U.S.C.A. § 1446 (West Supp.1992).

3. At the expedited hearing that this Court held on this matter, the Plaintiffs' counsel testified that the "high-low" arrangements entered into in this action were based upon the arrangement used in the *Thrapp* case.

*gins v. Pittsburgh–Des Moines. Rowe,* 658 F.Supp. at 123–124. However, in an unpublished decision, the *Rowe* court reversed its own holding and did not remand the case because it found that the one dollar high-low settlement was *de minimis* and was therefore a complete dismissal. *See Thrapp,* 767 F.Supp. at 823 (citing *Rowe v. Johns–Manville,* 1987 WL 12266 (E.D.Pa.1987)).

As the parties did in the unpublished decision in *Rowe,* the Plaintiffs' counsel testified that a main purpose of this arrangement was to prevent creating federal diversity jurisdiction which would permit removal. The "high-low" arrangements entered into by the Plaintiffs and the non-diverse Defendants in this action are complete settlements of the Plaintiffs claims against these settling Defendants. Although the Plaintiffs argue that this type of arrangement is contingent upon a jury verdict, this Court finds that the arrangement itself is a complete settlement which has certain conditions that are contingent upon future events. The validity and enforceability of these settlement agreements are not at all contingent or conditional upon future events. Therefore, this Court declines to follow *Thrapp.*

The removing Defendant's counsel argued that this type of settlement arrangement is a complete settlement under Texas law. This Court agrees. Specifically, the Texas Civil Practice and Remedies Code defines a "settling person" as:

> a person who at the time of submission has paid or promised to pay money or anything of monetary value to a claimant at any time in consideration of potential liability pursuant to the provisions of Section 33.-001 with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought.

Tex.Civ.Prac. & Rem.Code Ann. § 33.012 (Vernon's Supp.1992). Under the literal wording of this statute, the settling defendants in this action are "settling persons" under Texas law. Perhaps most significantly, under Section 33.015 of the Texas code, "[n]o defendant has a right of contribution against any settling person." *Id.* at § 33.-015(d).

The Texas courts have addressed situations where settling defendants that enter into "high-low" settlements such as the type at issue in the present action. *See e.g., Lewis v. Exxon Co.,* 786 S.W.2d 724 (Tex.App.—El Paso 1989, writ denied). In *Lewis v. Exxon,* the Texas court expressly rejected the argument that such a "high-low" arrangement was not a "settlement." *Id.* at 729. Faced with a settlement agreement similar to the agreements in the present action, the Texas court concluded that the "high-low" agreement was indeed a settlement under Texas law:

> An agreement by which parties reach an understanding in compromise of disputed matters is to be considered a settlement.

*Id.* at 729 (citation omitted). As a corollary to Section 33.015, the Texas court held that such a settling defendant has no right of contribution against a non-settling defendant. *Id.* at 731. Pursuant to Section 33.015(d), another Texas court has expressly held that no defendant has a right of contribution against a person who is both a liable defendant and a settling person. *See C & H Nationwide, Inc. v. Thompson,* 810 S.W.2d 259, 272 (Tex.App.—Houston [1st Dist.] 1991, writ granted).

In a situation such as the present action, the diverse defendants are confronted with a dilemma. Under the rationale of the decisions of the other federal district courts from Texas that have addressed a similar situation, the diverse defendants apparently would have no right to remove this type of case to federal court because the settlement is not "final." However, the non-settling defendants are not entitled to any contribution in state court against the settling defendants.

Further, the Plaintiffs have agreed to indemnify the settling Defendants from any claims for contribution against the settling Defendants. The Plaintiffs also agreed not to seek any recovery from the settling Defendants of the percentage share of any jury verdict attributable to the settling Defendants. Consequently, the Plaintiffs have no incentive to seek liability against the settling Defendants. Indeed, the Plaintiffs' primary goal would be to try to maximize liability against the non-settling Defendants. De-

spite the language to the contrary in these agreements, this Court finds that the agreements are final settlements.

Under these agreements, National Gypsum, the non-diverse defendant, is the only settling defendant that bears any responsibility for the potential additional liability amount. Because none of the other settling defendants are required to bear any potential responsibility, this fact further demonstrates the Plaintiffs attempt to structure these settlements in a form to avoid removal to federal court. National Gypsum's interests are effectively aligned, if aligned anywhere at all, with those of the Plaintiffs because these parties would both benefit by a jury's finding increased liability and responsibility against the non-settling Defendants.

The settling Defendants and the Plaintiffs are bound by these agreements. Based upon these agreements, none of the settling Defendants would be entitled to appeal any verdict. Also, the Plaintiffs cannot seek to impose any additional liability upon the settling Defendants. These agreements are final for the parties that entered into these agreements. Although this decision involves a question of forum for rather than substance of this action, the question of forum turns upon the substance rather than the form of the agreements. The Plaintiffs and the settling Defendants have effectively finally settled all of their disputes.

**CONCLUSION**

Under the facts and circumstances of this action, the arrangements entered into by the Plaintiffs and the settling Defendants are complete settlements. The non-settling Defendants could and did properly remove this action to federal court on the basis of federal diversity jurisdiction.

ACCORDINGLY, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.